Case number 16-2378, Avent Capital Partners LLC v. Strathmore Development Co. and 16-2418. Argument not to exceed 7 minutes and 30 seconds for each of the appellants and 15 minutes for the appellee. And Ms. Cattello, you may proceed for the appellant. Good morning, Your Honors. Sherry Cattello on behalf of Terrell Holdings LLC. The issue this morning, the first issue, concerns a order supplementing judgment that was issued against Terrell Holdings, who at the time that this order was entered was a non-party to the case. And the order added Terra as a judgment debtor with joint and several liability. The error here is really twofold. First, the Proceedings Supplementary to Judgment Act, which ostensibly the order was entered pursuant to this act, does not provide for this type of relief. The statute hopefully tells us what its purpose is at MCL 600.6128, which is to assist a judgment creditor in reaching the assets of the debtor to satisfy the judgment of the debtor. And in the Green and the Gallagher case subsequently, the Michigan Court of Appeals has told us that you cannot use this statute to recover judgment against a third party. There is a remedy. The Gallagher case states what you do is you file a new action, and you assert piercing the corporate veil, alter ego, and you have the opportunity to prove your case. If that is what was attempted to be done here, then the PSJA was completely misused. Now, on reconsideration, the district court noted that in this case we have an alleged fraudulent transfer. And rightly so, that was alleged. Then the court referred to a decision by this court in presidential facility and relied on that, distinguished it from Green, and said it could enter the judgment against Tara on the entire amount. This is where, again, the court overstepped. What the statute says and what this court reviewed was that the procedure is this. If there is an alleged fraudulent transfer, the creditor can bring the evidence to the district court. If the district court thinks that there may be a transfer in avoidance of the judgment, the party can then be added to the action. The interests of the parties can be adjudicated. The party that's been added has the right to request a jury trial, and then the judgment is limited to the asset that is allegedly conveyed in avoidance. Again, this court noted this specifically at footnote 1 in that presidential facility case. Here, what we really have is a denial of due process. In this case, Tara was not served with a complaint or this motion, was not added to the action, did not have the opportunity to assert its position with respect to the asset, did not have the opportunity to request a jury trial. Even if all those things had taken place, the judgment exceeded the amount of the transferred asset. Therefore, we would ask that you vacate the order supplementing judgment as to Tara Holdings. Counsel, as to Tara Holdings' question, as I read all of your headings and so on, it seemed that your attack was solely on paragraph 2 where it says you're added as a judgment debtor and made jointly and severally liable. I mean, we're going to have to parse out the different paragraphs, but am I right about that? There are six numbered paragraphs, but both your headings and then in your reply brief, you said, well, they say it's something else, but the issue is whether the court erred in ruling that Tara should be added to the judgment with joint and several liability. Right. Tara should not have been added. But, I mean, that paragraph 2 is the only part of the judgment you attack, which says exactly what I just said. Yes. The order supplementing judgment, that's the judgment. You're talking about that judgment. Yes. There are other paragraphs that address other things. Addresses other parties and other things as well. I don't think that Tara Holdings should be any part of that judgment anywhere because Tara did not receive due process. So there should not be a judgment in any respect as to Tara. So are you saying that includes paragraph 4, which refers to monies that have been paid to Tara under the Strathmore management agreements? That wouldn't make you a party, wouldn't make you jointly and severally liable. No, it could not. Because if the issue then, I will give you, I think there's some confusion when you look at the court's original order. It looks like the court is trying to make us jointly and severally liable. I understand that distinction. But, for example, there's another paragraph which says you're prohibited from assigning or transferring the management agreement to anyone else. Do you object to that as well? The word Tara appears in a couple of other places, but all of your attacks seem to be on paragraph 2. So that's what I'm trying to distinguish. No, I would also say that that second paragraph is improper as well. I don't see how Tara can, as to Tara, I don't see how Tara can be told to do anything or not do anything until Tara is properly brought into the action to determine if it has received any improper assets. Now, the court may or may not be able to make some restrictions as to Strathmore and whether Strathmore can receive management fees or can't. I'm not here to argue that. But I don't think that the court can make any rulings as to Tara until Tara is brought into the action and given an opportunity to defend. It is not a party to the judgment. The court has no jurisdiction over Tara at this point. Okay. Thank you. The reason I raise that is that I did not read your brief as making as broad a claim as you just did, that because there's no jurisdiction whatsoever, nothing in the order could apply to Tara as opposed to the heading of we shouldn't be a judgment debtor and we shouldn't be jointly and severally liable. That's the reason I raised it. But you're saying that you would now make the argument that there's no, that you are appealing anything that the word Tara appears in the order. Yes. I think the focus of my argument was that Tara cannot be made a party to this judgment until it is. There are things in the order that are different from making you a general party. That's why I'm making the distinction. Maybe it's a distinction without a difference. Maybe your argument really was that broad, but that's why I wanted to give you that. Those orders, I think, could be differently, could be directed to Strathmore rather than, if appropriate, rather than to Tara. Okay. Thank you. Thank you. Thank you. Good morning. Good morning. Thomas Eckhart, appearing on behalf of Defendant Appellant Strathmore. With regard to Strathmore, the issue is rather straightforward. And the question is, what is the application of the Michigan court rules in this case where the plaintiff creditor had filed garnishments? Garnishments were filed against these Bear Creek entities who are non-parties to this case. Disclosures were timely filed. They indicated that no monies were owed. And that was the end of it until the motion was filed for supplementary proceedings some months later. But the Michigan court rules with regard to garnishment procedure is very clear that if they questioned the disclosures, they had the ability and, in fact, the obligation to request discovery of the garnishee defendants. They didn't do that. They could have asked for a deposition. They didn't do that. They could have submitted interrogatories. They didn't do that. Without doing that, then the disclosures that said that no money was owed are presumed to be correct. So the inquiry on the garnishments end there. And, in fact, what they did here was try and run around the garnishment procedures because they failed to follow the rule by bringing into the supplementary proceeding. It was too late to do so. Now, even if they had filed, served discovery, then they were obligated under 3.101 to join the parties in a proceeding and go to trial. And 3.101M1 specifically requires that the parties be given an opportunity for trial. That would be the defendant, the garnishee defendants here who are not a party to this proceeding. So we would submit that basically when the court here is interpreting and applying Michigan law, in this case the Michigan court rules, that the requirements of Rule 3.101 are mandatory, not discretionary. With respect to the garnishment disclosures, that is, at first blush you might think they're perjurious, but I presume their position is that on the date that we signed them, we had already paid last month's bills, and we haven't yet gotten next month's bills, so we don't owe them anything. No. Strathmore was not being paid and was not due to be paid, therefore they were correct. And that would have been shown if the plaintiff had proceeded as they should have by submitting discovery. And then if there was still dispute, by bringing the case to trial and allowing the garnishee defendants to defend themselves. So you're saying Bear Creek's explanation, I don't know if they're here to explain it, Bear Creek's explanation for having made that garnishment disclosure is what, that we were just going to pay them sometime in the distant future, and Strathmore wasn't doing any work and wasn't due any money, and in fact they were not being paid. They were not being paid, had not been paid, were never going to be paid? They were never going to be paid at that point in time. And therefore, why should they have been on notice that they were going to be paid in the future then? If you're saying that they should have contested these disclosures, you're saying the disclosures are true. The disclosures were true, that no money was owed. And that would have been, if the procedures... Granted, this sounds like a question of what's the meaning of is, is, but your position seems to be that the disclosures were true, but nevertheless they should have attacked them. The disclosures were true. They could have attacked them by submitting discovery or bringing the garnishee defendants into the case. Your position, that attack would have been futile because they were true. You're sort of trying to use the non-existence of that moment of money to say they could never try to get some money. Not that they could never try to get some money from the defendant, just that the garnishee defendants did not owe any money at that time. And they did not afford the proper opportunity, nor did the district court afford the proper opportunity under the rule of law. Under the court rule, to fight their challenge of that, which was invalid because they didn't follow the express dictates of the rule. What's the relationship between Strathmore and Terra? Terra was the sole owner of Strathmore. But it was a separate entity. And all of these go back to Scott Chappell, don't they? I mean, Bear Creek, everything is owned all up the line. I understand that those statements have been made. That has never been shown, and I would say that that is not correct. Because the Bear Creek entities are separate entities with separate partners that are not Mr. Chappell. But Terra is the sole owner of Strathmore. That is true. So for tax purposes, it would be considered the same. It's a separate legal entity. I understand that, but the whole issue from both sides is money has flown to Terra that the other side thinks should have flown to Strathmore and then to them. So they claim, and what I'm asserting is that what we should have had was our day in court. If they were challenging that money was owed with regard to the garnishments, then we should have had a trial. Strathmore was a party to all of this, right? Right, but the garnishee defendants were not. But your blocking defense is the garnishee state disclosures were such, and once they didn't attack that, you're home free. It was too late to do so. With regard to the garnishments, not with regard to the judgment. They have a valid judgment. But when you say to the garnishments, that's both prospective and retrospective. No, because I think that they could regarnish whatever parties they chose, as long as they decided to follow the court rules that applied to garnishments. Thank you. Good morning. May it please the court, Jeff Garish on behalf of Avant Capital. I don't expect to use all my time, so if I digress for a couple minutes, understand that I'm not going to be spending too much time up here. I'd like to begin by thanking the court for scheduling oral argument fairly quickly. I don't know if that's something that this panel did, but it was a very short delay, and my client appreciates it. This case illustrates why a lot of people can be cynical at times about the justice system. I think all of the members of this panel, at one point before you were on the bench, had clients to report to. Judge Sutton, I think you alluded to that earlier today. I trust the court can understand that sometimes it's frustrating to try to explain to a client why it is that they can't collect a judgment that they got fair and square more than two years ago. And all the defendant is doing is trying to avoid paying it using the corporate form. I don't hold my friends at the other table responsible. They seem like nice folks. They're just doing their job representing clients. I'm not sure how that would speed things up. Why wouldn't it speed things up? Because I have a judgment right now, which is all I need, and if this court affirms, then that's even speedier than filing a bail piercing claim. And that's the point I think Judge Neff understood. This is a motion for supplemental proceeding that she has very broad discretion on what she can do. We would submit it entitled her to do exactly what she did. The only argument they've raised, Judge Boggs, you're right, the only argument that Tara raises is that they shouldn't have been made a judgment creditor. All they're attacking is paragraph two of the judgment. No other part of the judgment is something that she wasn't permitted to do under the statute. They're just saying that part of it shouldn't have been done. And that makes me nervous. I suppose if you win the bail piercing claim, and I suppose if you need to win it, maybe that helps you with respect to this judgment. But I do get the idea that if they're assessing your liability and they're saying things about what you did or didn't do, it's odd that you weren't a party. I'm sorry, I don't understand. I mean, one of the points she was making is it's not just that one paragraph, because there are other parts of what the district court did that assess and determine liability with respect to Tara. Why is that proper if Tara was not a party to the case? The judge, mainly what she did is she required funds that were being paid, rentals being paid by Bear Creek to be paid to Avant rather than to Tara. That's not something that she needed to name them as a judgment debtor to be able to do. She's entitled to order Bear Creek to pay these rentals to Avant. Their argument is not aimed at that. Their argument is aimed only at the fact that she officially named them as a judgment debtor. But that, to me, is a separate issue from whether these rentals can be ordered, paid by Bear Creek to Avant Capital. And the statute 6104 gives her discretion to do exactly that in paragraph 2 and paragraph 3. That's exactly the type of thing that she's permitted to do. But even the part that they complain about, I have to note this. Until today, there's never been any suggestion that the court didn't have personal jurisdiction over Tara Holdings. There's never been any suggestion that they didn't get notice and an opportunity to be heard. There's never been any mention of due process. The only argument they made in the briefs and the only argument they made below is that this specific section of the statute didn't explicitly allow her to name them as a judgment debtor. They were given the opportunity to present the argument. They weren't deprived of any process, much less any due process, and they never complained about jurisdiction. This is a quintessential argument based on a technicality, which is precisely what they've been doing all along. So any arguments that you've heard today about lack of jurisdiction are without merit, and they've been waived. But I would also say, even the part that they complain about, which is the paragraph 2 that names them as a judgment debtor, Judge Neff recognized that the green case was distinguishable. They basically put all their cards in the green case that said, in that case, it was improper for the judge to name a non-party as a judgment debtor under a veil-piercing theory. But the court in green also recognized that there weren't allegations of fraudulent conduct of the type in that case that there are in this case. She distinguished green on that basis, and I think she was right. And this court recognized the same in the presidential case in the footnote that Ms. Cataldo talked about. Green is distinguishable when there aren't allegations of fraudulent conduct as there are here. If you don't buy that, my only other argument on green would be to say that you shouldn't follow it on the grounds that it's not a Michigan Supreme Court case. We don't know if the Michigan Supreme Court would follow it. It seems extraordinarily inefficient that you would require someone in Event Capital's shoes when they have given proper notice on a veil-piercing theory, they've given the other entity, Tara Holdings, an opportunity to participate, they've gotten notice, an opportunity to be heard, to make the case that there shouldn't be a veil-piercing claim. Why shouldn't they be allowed to be added? Why shouldn't it be wrapped up the way it was in this case? It should be. Did you say the presidential facility is not a Sixth Circuit case? No, it is a Sixth Circuit case. Okay, yeah, that's what I was thinking. Green is the Michigan. Yeah, I'm sorry, I was going too fast, I think. Counsel, let me go back to the different paragraphs of the order. The first one restrains the Bear Creek entities, and I guess they haven't tried to appeal that. The third and fourth ones refer to various monies that have to be paid within five days of the entry of the order. Were those parts stayed, or were those payments made, or where do they stand? I think they were stayed. Okay. Tara is involved in four and in five. Bear Creek is also involved in five. But with respect to four and five, the order does go to Tara as well, and does affect their interest, wouldn't you say? If you look at them separately, to me, four, I mean, certainly it impacts Tara Holdings. But I don't think their argument is aimed at paragraph four, because all paragraph four says, is money paid to Tara Holdings relating to the Bear Creek entities should instead be paid to Avant Capital. You're saying that's been stayed, so it would appear, I don't know what they would say, but that money is piling up and has been. We don't know. Is it being paid to Tara and they have it? I don't know. In the same way five says it keeps them from transferring the management agreement to somebody else to keep it out of your hands. Right. Well, I still think their argument is aimed only at the specific ruling naming them as a judgment debtor. You're right, Judge Boggs, that these paragraphs impact them, but I don't think paragraph four, ordering money to be paid to us rather than to them, that's something the judge had discretion to do under other provisions of 6104. She's entitled to order money to be paid to us rather than the sole owner of Strathmore, mind you, without even naming them as a judgment debtor. I don't think they have to be a judgment debtor for her to do that. Do you want to say anything about the argument, I take it, that even with respect to Strathmore, who would seem to be right within their clutches, they're immune because of these disclosures, because of the garnishee disclosures, garnishment disclosures. Yeah, I guess I don't really understand the argument. My reaction was the same as what I think yours was, Judge Boggs, based on your questions, which is they said at one point in time they didn't owe money. Fine. The judge ordered money to be paid in the future, owed or paid in the future, is to be paid to Avant Capital. She doesn't need to challenge the disclosures in response to the garnishments to render that ruling. The one has nothing to do with the other. That's why I said in my brief in Strathmore's appeal that I really think their argument is a non sequitur. They don't cite any authority for the proposition that if at a point in time nothing is owed, which was false, by the way, based on their own statement in the bankruptcy form, but at a point in time nothing is owed, that doesn't mean that sometime in the future a judge can't order them to pay money that's owed in the future to this entity, to Avant Capital. And it goes back to some extent to what the meaning of is is. Whether or not the disclosures were true at the time they were made is neither here nor there. She was entitled to order the relief that she did with regard to Strathmore and Bear Creek entities, which, as you noted, have an appeal. So that's all I have to say about that. Yeah, I don't have anything more to say on that, but mainly I was focusing on the Tara Hoeling's argument, which whether because green is distinguishable or whether because it's wrong, this court should affirm or, and the last thing I would say, if you can think of anything else that I haven't brought up as any other reason to affirm. If we were to just say reverse or strike paragraph two, would you really be any worse off? Thank you for reminding me. That was the other point I wanted to talk about. It was in my outline. I forgot about it. Obviously that would be better, and I think that's all they're asking for, and it wouldn't be as bad as reversing the entire thing outright. It makes me nervous that they don't want to be a judgment debtor, that they're working so hard just to avoid that paragraph. But again, to my mind, that's the only target of their argument, and if you did that, it still leaves these other provisions in place. I would just urge you not to do that because it's in all likelihood going to make it more difficult for us to collect this judgment, and I think Judge Neff had the discretion to do what she did. That's the other point. I think the standard of review is abuse of discretion for the reasons I've laid out in my brief. Strathmore pushed back on that. I don't think Tara Holdings did, but the discretion is broad. It includes the type of relief that she ordered here, and I would urge the court, if there's any way to affirm, to allow us to collect a judgment that was owed a long time ago, we would be pleased. So if the court doesn't have any questions, I think that's all I have, and I will sit down. Thank you. I guess the one point I would like to make here is I heard the due process is not really the issue here, and I would disagree. I think due process is the whole issue here, and it appears that I did not hear a strong argument today that Tara should be jointly and severally liable on the whole judgment, but there appears to still be a strong argument regarding the specific conveyances that are alleged to be in effect. And that is exactly what the PSJA addresses. There is a procedure under the PSJA, and I would suggest that that procedure needs to be followed. Has your brief used the words due process or cite the 14th Amendment or 5th Amendment? I was just looking at your table of contents and so forth. I know I have due process in there. I think, though, that we can look at this statute itself and say that... I think it's a due process issue, but even if we just look at the statute itself and say, was the statute followed or wasn't it, it was not. It sets out a procedure. This court in Presidential Facility reviewed that procedure, and the Michigan Court of Appeals has noted that procedure. And that procedure was not followed in this case. Thank you.